No. 51528.—Petition 6518–R of Adamo Co. (New York).

KEEFE, Judge:   In this petition, filed under the provisions of section 489, Tariff Act of 1930, the petitioner prays for the remission of additional duties assessed upon certain sheepskins imported from Iceland.

At the trial the broker testified that these skins were entered at the port of New York on behalf of the importer at Los Angeles, Calif.; that he entered the goods at the invoiced price of $4.50 per skin, after having submitted an inquiry sheet to the appraiser before entry; that he did not get in touch with the importer nor contact the shipper to inquire as to the correctness of the invoice price; that he was thus unaware that a subsequent order had been placed by the importer until such goods arrived, and he admitted that his inquiry sheet contained statements concerning which he had no knowledge, and were made without authority of his principal.

It appears that the second shipment arrived after entry had been made, and the appraiser had completed his appraisement.   Upon the importation of the second lot of skins at an invoice price of $5 per skin, the appraiser called for a reappraisement of the first shipment and it was agreed between counsel for both sides that the proper reappraisement value should be $5 per skin, which resulted in the imposition of the additional duties here in question.

The importer testified that the first shipment consisted of a left-over lot of sheepskins from the 1943 crop and that the second shipment consisted of choice skins from the crop of 1944 and were naturally more valuable than the skins in the first shipment.   He further testified that he ordered his skins from the New York representative of the Iceland concern; that the first shipment of skins should have arrived in September but was delayed until December on account of shipping conditions; that the second shipment was the result of an order placed with the New York representative for future delivery of skins in the spring of 1945

at an increased price of $5; and that he had instructed the broker to submit documents to the appraiser before making entry.

It would seem that had the broker made inquiry either of the importer or of the shipper's representative in New York he would have easily found that the price at the time of shipment had increased to $5 per skin. Manifestly his statements in his submission sheet that there had been no further orders and that there had been no change in the price were without authority of his principal. His only excuse was that he had been ill for several years and had just undergone an operation and consequently his thoughts were more upon his physical condition than upon his business affairs. He stated, however, that in making entry as he did, he was without intent to defraud the revenue of the United States, to deceive the appraiser as to the value of the merchandise, or to misrepresent the facts of the case. The importer who was located in a distant city was unaware that his broker had submitted documents to the appraiser according to his instructions, without first determining whether or not there were subsequent orders or higher prices. The importer, of course, testified also that he was without intention to defraud the revenue of the United States or to deceive the appraiser or in any way to misrepresent the facts of the case.

We are of the opinion that there is nothing in this record which would indicate that there was any fraudulent intent upon the part of the importer of the merchandise, nor do we believe that the broker was guilty of intentional undervaluation of the merchandise. Obviously he was not attending to his business and was careless in this matter but we do not believe that it is the intent of the statute that an importer of merchandise shall be penalized in such circumstances.

Judgment will therefore be entered in favor of the petitioner.